**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV-08-1688-PHX-GMS |
| Plaintiff, | ) | |
| vs. | ) | **ORDER RE PARTIAL DEFAULT JUDGMENT** |
| $21,404.00 in U.S. Currency, | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion for Partial Default Judgment of Plaintiff United States of America. (Dkt. # 10.) For the reasons set forth below, the Court grants Plaintiff's motion.

On April 18, 2008, Phoenix Police Detectives on duty with the Commercial Narcotics Interdiction Unit ("CNIU") at Phoenix Sky Harbor International Airport received information regarding a passenger, identified as Patrick Radcliffe McCook ("McCook"), traveling from New York, New York, to Phoenix, Arizona, on board US Airways Continental flight 400. McCook used a credit card to purchased a one-way ticket through a travel agency on a last-minute reservation the night prior to his morning departure. The telephone number provided by McCook for the reservation was a non-working number.

Upon his arrival in Phoenix, investigators followed McCook as he proceeded to the baggage claim. Instead of retrieving his luggage, McCook walked toward the north exit of the airport, where he was contacted by investigators who identified themselves and engaged

1  in consensual contact with McCook. McCook provided a New York driver's license and his
2  boarding pass, and he advised investigators that he had just arrived from New York and was
3  on his way to Mexico. McCook initially gave consent to investigators to search his carry-on
4  luggage, but he withdrew his consent as investigators unzipped the bag and then asked to
5  contact his lawyer.

6  A criminal records check revealed that McCook had convictions on charges of felony
7  possession of narcotics and possession and sale of marijuana. Additionally, investigators
8  learned that McCook was involved in seven Drug Enforcement Administration ("DEA")
9  investigations from 1996 to 2008, was the subject of a seizure of $22,750 at Los Angeles
10 International Airport in 1998, and that approximately 129 pounds of Marijuana was to be
11 delivered to an address in New York for which McCook had utilities in his name.

12 McCook was detained for further investigation, and a search warrant was prepared
13 and obtained for McCook's person and luggage. McCook reviewed the search warrant.
14 Pursuant to the search warrant, McCook's person and luggage were searched. A total of
15 $21,404 in United States currency was found concealed within articles of clothing in
16 McCook's black Pullman bag, shrink wrapped , and in $2000 money bundles. The currency
17 was seized by the DEA on April 18, 2008. Pursuant to 18 U.S.C. § 983(a)(1)(A)(i), a
18 seizing agency must send notice of the administrative forfeiture to interested parties within
19 60 days of the seizure.

20 On June 12, 2008, Patrick McCook, through counsel Ian A. Niles, submitted a claim
21 to the Drug Enforcement Administration. Under 19 U.S.C. §§ 608 and 1610, the seizing
22 agency transmitted the claim to the United States Attorney for the purpose of initiating a
23 judicial forfeiture action against the property.

24 On September 12, 2008, Plaintiff filed a complaint for forfeiture *in rem* of the
25 defendant. On October 7, 2008, Plaintiff served a copy of the Complaint, a notice of
26 forfeiture action, and notice of availability of a U.S. magistrate judge upon McCook via
27 certified mail at the address provided by McCook. The return of service established that
28 McCook received the pleadings and notices on October 15, 2007.

Supplemental Rule of Civil Procedure G(5)(a)(ii)(A) requires a person who asserts an interest in or right against the subject property to file a claim with the court within the time stated in a direct notice sent pursuant to Rule G(4)(b). Failure to comply with procedural requirements for opposing forfeiture precludes a person from establishing standing as a party to a forfeiture action. *United States v. Real Prop.*, 135 F.3d 1312, 1315 (9th Cir. 1998); *see also United States v. Real Prop. Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 870 (9th Cir. 2001) (finding that claimants were not parties to the forfeiture action because they did not file their claims in a timely fashion)..

Here, Plaintiff complied with Rule G(4)(b) in issuing direct notice to McCook. Accordingly, McCook had 35 days from the time the direct notice was sent to file a responsive pleading that complies with Supplemental Rule G(5)(a).[1] McCook failed to file within this time period and default was entered by the Clerk of the Court on December 9, 2008.

Because there is no just reason for delaying entering partial default judgment against the interest of Patrick McCook in the defendant, and being satisfied that the allegations in the Complaint are true;

**IT IS HEREBY ORDERED** that the interest of Patrick McCook in the defendant further described as: $21,404.00 in U.S. Currency, is hereby forfeited to the United States of America, in accordance with 21 U.S.C. § 881 and 18 U.S.C. § 981.

---

[1] On December 4, 2008, McCook filed what he refers to as "another claim for my money and cell phone." (Dkt. # 6.) Even if the Court construed McCook's filing as a responsive pleading under Supplemental Rule of Civil Procedure G(5), it was filed with the Court almost two weeks after McCook's deadline for filing a responsive pleading. In the filing, McCook requests that the matter be assigned to a magistrate judge. (*Id.*) Because McCook is not a party to the action, his request is denied.

**IT IS FURTHER ORDERED** that McCook's motion to reassign the case to a magistrate judge (Dkt. # 6) is **DENIED**.

**IT IS FURTHER ORDERED** directing the United States Attorneys' Office to send a copy of this Order to Patrick McCook.

DATED this 18th day of December, 2008.

G. Murray Snow
United States District Judge